UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RESHAT ALKAYISI, et al.<br><br>Defendants | Crim. No. 21-cr-10208-NMGs |

**JOINT STATUS REPORT AND**
**MOTION FOR ORDER OF EXCLUDABLE DELAY**

On July 7, 2021, defendants (1) Reshat ALKAYISI, (2) James HOLYOKE, (3) Noah TAVELLA, (4) Brian KELEMAN, (5) Robyn COSTA, (6) Eric DANEAULT, (7) Andre WATSON, (8) Emil DZABIEV, (9) Edison KLOTZ were charged in a five-count indictment charging: Count One: conspiracy to distribute and to possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 846; Count Two: distribution of and possession with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) and 18 U.S.C. § 2; Count Three: distribution and possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii); Count Four: possession with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii); Count Five: possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c).

On September 1, 2021, the defendants listed above, along with defendants (10) Patrick O'HEARN, and (11) Christina LUA, were charged in a fifteen-count superseding indictment, charging: Count One: conspiracy to distribute and to possess with intent to distribute 500 grams

1

or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 846; Counts Two and Four through Seven: distribution and possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii); Count Three: distribution and possession with intent to distribute 50 grams or more of methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and 18 U.S.C. § 2; Count Eight: possession with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii); Counts Nine and Ten: possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c); Count Eleven: possession with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii); Count Twelve: money laundering conspiracy, in violation of 18 U.S.C. § 1956(h); and Counts Thirteen through Fifteen: money laundering, in violation of 18 U.S.C. § 1956. Defendants have either been arraigned or have filed a waiver of arraignment in connection with the superseding indictment.

Defendants (1) ALKAYISI, (2) HOLYOKE, (5) COSTA, (7) WATSON, and (8) DZABIEV have been in custody since their arrests in July 2021. Defendants (3) TAVELLA, (4) KELEMAN, (6) DANEAULT, (9) KLOTZ, (10) O'HEARN, and (11) LUA were each released on pre-trial conditions. Pursuant to Local Rule 116.5(b), the government submits the following joint status report.

**1. Automatic Discovery and Discovery Requests**

The government has completed automatic discovery, with the exception of some outstanding drug certifications, which the government will produce upon receipt. The government has responded to discovery requests from defendant (7) WATSON, and is in the process of

responding to a discovery request from defendant (8) DZABIEV. No other defendants have made any additional discovery requests at this time.

2. **Timing of Additional Discovery**

Other than additional drug certifications, the government does not anticipate producing any additional automatic discovery.

3. **Timing of Additional Discovery Requests**

The defendants are reviewing the discovery and reserve the right to make additional discovery requests.

4. **Protective Orders**

The Court issued protective orders on July 12, 2021 and August 27, 2021. The government does not anticipate the need for any additional protective orders.

5. **Pretrial Motions**

The defendants have not filed any pretrial motions under Fed. R. Crim. P. 12(b), and they reserve the right to do so after additional review of the discovery.

6. **Timing of Expert Disclosures**

The Court has not yet established a date for expert witness disclosures. The government submits that drug analysts and agents will be the only expert witnesses likely to be called by the government. Accordingly, the government submits that expert disclosures 21 days before trial should be sufficient.

7. **Defenses**

It is too early for the defense to assess this issue.

8. **Excludable Delay**

Zero days of non-excludable time have accrued.

### 9.  Plea Discussions, Trial

The government has begun plea negotiations with counsel for some of the defendants, however, it is difficult to currently assess the likelihood of trial.  At this time, trial is anticipated to last approximately three weeks.

### 10. Timing of Final Status Conference

The case is currently scheduled for a final status conference on April 25, 2022.  As the Court is aware, counsel for defendant (4) KELEMAN has reported difficulties with being able to meet with his client to go over discovery.  Additionally, counsel for defendant (1) ALKAYISI has requested additional time to determine whether to make discovery requests.

In light of the fact that the government is in the process of responding to defendant (8) DZABIEV's discovery request, and that counsel for defendants (1) ALKAYISI and (4) KELEMAN request additional time to review discovery and determine whether they intend to make any additional discovery requests, the parties request that the Court continue the final status conference for 60 days.  Additionally, the parties hereby move this Honorable Court for an Order designating the period from April 25, 2022 through the date set for the final status conference as excludable delay pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A), on the ground that the ends of justice served in the delay outweigh the best interests of the public and the defendants in a speedy trial.

DATED: April 20, 2022                               Respectfully submitted,

                                                    RACHAEL S. ROLLINS
                                                    United States Attorney

                                    By:    /s/ Alathea E. Porter
                                           Alathea E. Porter
                                           Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 20, 2022, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                            */s/ Alathea E. Porter*
                                            Alathea E. Porter
                                            Assistant U.S. Attorney